## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

MATTHEW THOMAS and DAVID ORTIZ,
individually and on behalf of those
similarly situated,

        Plaintiffs,

vs.                                            Case No. 5:11-cv-204-Oc-34TBS

BROADBAND INTERACTIVE, INC.,

        Defendant.

### **O R D E R**

**THIS CAUSE** is before the Court on the Joint Motion to Approve FLSA Settlement (Dkt. No. 79; Motion), filed on November 29, 2011. On April 15, 2011, Plaintiffs Matthew Thomas and David Ortiz filed the Collective Action Complaint (Dkt. No. 1; Complaint), alleging, on behalf of themselves and others similarly situated, violations of the FLSA. See Complaint at 1. The matter was vigorously litigated for the better part of a year. See generally Docket. On October 14, 2011, the Court ordered the parties to participate in a settlement conference before the Honorable Thomas B. Smith, United States Magistrate Judge. See Order (Dkt. No. 72). The parties did so on November 22, 2011, and reached a settlement. See Minute Entry (Dkt. No. 77). Accordingly, in the Motion, they now seek Court approval of the Settlement Agreement which has been filed with the Court. See Motion at 1-2; Notice of Filing (Dkt. No. 78; Settlement Agreement).

        The Court notes that Fair Labor Standards Act ("FLSA") provisions are mandatory, not subject to negotiation or bargaining between employers and employees, and not subject

to waiver. See Lynn's Food Stores, Inc. v. United States Dep't of Labor, 679 F.2d 1350, 1352 (11th Cir. 1982). Claims under the FLSA may only be settled or compromised under supervision of the Secretary of Labor or with Court approval, and in the latter case, judicial review is necessary to determine whether the settlement is a fair and reasonable resolution of a bona fide dispute. See Lynn's, 679 F.2d at 1352-54.

Upon due consideration of the terms of the Settlement Agreement, the Court finds that Plaintiffs were represented by counsel; that there exists a genuine dispute between the parties; that the amounts agreed upon represent a full and complete settlement of all pending claims with the exception of the amount of attorney's fees to which Plaintiffs' counsel is entitled;[1] and that the compromise is a fair and reasonable resolution of a bona fide dispute over the FLSA provisions. Finding that the Settlement Agreement is fair and reasonable, the Settlement Agreement will be approved.

In consideration of the foregoing, it is hereby **ORDERED**:

1. The Joint Motion to Approve FLSA Settlement (Dkt. No. 79) is **GRANTED**.

2. For purposes of satisfying the FLSA, the Settlement Agreement (Dkt. No. 78) is **APPROVED**.

3. This case is **DISMISSED with prejudice** as to the claims of the Plaintiffs who opted into the action.

---

[1] The parties have requested additional time to attempt to resolve the matter of Plaintiffs' attorney's fees and costs. Failing to achieve resolution, the Settlement Agreement contemplates that the matter will be resolved by the Court upon the filing of an appropriate motion. See Motion at 2, Settlement Agreement at 2.

4.     The Court reserves jurisdiction pending a resolution of the outstanding issue of attorney's fees and costs.

5.     The parties shall have up to and including **February 29, 2012**, to advise the Court that they have resolved the matter of attorney's fees.  If no agreement can be reached, Plaintiffs shall, by this same date, file a properly supported motion for a determination of an appropriate fee award.

6.     The Clerk of the Court is directed to terminate all pending motions.

**DONE AND ORDERED** in Chambers, this 23rd day of January, 2012.

MARCIA MORALES HOWARD
United States District Judge

ja

Copies to:
Counsel of Record